Dear Representative Connick:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request concerns the use of toll revenue generated by the Crescent City Connection Division of the DOTD (CCCD).
Specifically, you question whether such revenue can be used to fund the renovation and expansion of the CCCD's administrative complex in light of the fact that it will be used, in part, to house Department of Transportation and Development (DOTD) employees who will work on the toll system for La. 1 Project of the Louisiana Transportation Authority (LTA).
According to DOTD Secretary William D. Ankner, the renovation and expansion of the CCCD's administrative complex was necessary to accommodate additional personnel brought on board to support toll tag operations and increased walk-in customer traffic for the CCCD Toll Tag Customer Service Center project. The renovation and expansion is currently in progress, and its estimated cost is approximately three million seven hundred ninety-nine thousand six hundred sixty-one dollars ($3,799,661).
We have been informed that the renovation and expansion of the CCCD's administrative complex will include some surplus office space in order to accommodate future growth of the CCCD. Once the renovation and expansion is completed in the summer of 2009, three (3) DOTD employees, who will work on the La. 1 Project toll system, will be housed there indefinitely. These employees will work out of three (3) surplus office areas. According to Secretary Ankner, these three (3) employees will occupy approximately four hundred (400) square feet of the six thousand fifty-seven (6,057) square foot expansion.
It is represented that the employees dedicated to the La. 1 Project who will be working out of the surplus office areas at CCCD's administrative complex will perform accounting and other "back-office" work necessary to support the toll system that is being developed for that project. According to DOTD Undersecretary Michael Bridges, the decision to combine the "back-office support" for the CCCD and the La. 1 Project *Page 2 
will result in efficiency and cost-savings for the DOTD. He also believes that the CCCD toll system can be used as a model for other Louisiana toll roads and hopes to achieve interoperability of the CCCD and La. 1 Project toll systems.
According to Mr. Bridges, the CCCD will be reimbursed for the fair market rental value of the three (3) surplus office areas that will be used by the DOTD employees assigned to the La. 1 Project. The reimbursement will be paid out of Transportation Trust Fund monies. The CCCD will also be reimbursed for utilities, supplies, and other costs related to the three (3) employees.
In order to determine whether CCCD toll revenue was used appropriately, we must first determine which persons have authority over the CCCD and the LTA. Through La.R.S. 36:509(M), the legislature placed the CCCD, formerly known as the Mississippi River Bridge Authority, under the authority of the DOTD as provided by La.R.S. 36:901. The latter statute provides that:
 A. The functions, powers, duties, responsibilities, programs, and operations of each of the agencies transferred by the provisions of R.S. 36:109(D), R.S. 36:209(C), R.S. 36:209(M)(2), R.S. 36:259(D), R.S. 36:309(C), R.S. 36:359(C), R.S. 36:409(E), R.S. 36:509(E) and (N), R.S. 36:559(D), R.S. 36:629(Q), R.S. 36:651
(G), and R.S. 36:744(D) on the date of each such transfer shall vest in and thereafter be the responsibility of the secretary of the department to which the transfer is made and shall be administered by the secretary in accordance with the powers vested in him by this Title and the applicable laws pertaining to each agency, except for those functions of each which are required to be performed and administered by the undersecretary of the department as heretofore provided for each by this Title. Each agency thus transferred shall continue in existence, the members thereof shall continue in office and hereafter shall be selected in the manner provided by law for each, and each agency hereafter shall serve solely in an advisory capacity to the secretary with respect to policies concerning matters within the purview of each as originally created.
 B. The secretary of each department shall have full authority, to the extent not inconsistent with this Title, to assign powers, duties, functions, responsibilities, programs, and operations of any agency transferred in accordance with the provisions of this Part to any other agency so transferred or to an office within the department, or may determine that any or all of them shall be exercised in such other manner, not inconsistent with law, as he shall decide. The powers, duties, and functions hereafter to be exercised and performed by each of the agencies transferred in accordance with the provisions of this Part and by each office in the department shall be determined by the secretary, in *Page 3 
accordance with the general functions of each office set forth in the applicable provisions of this Title for each office.
Additionally, La.R.S. 36:504(A)(9) provides that the DOTD secretary shall "have absolute control over the Mississippi River Bridge Authority including but not limited to those responsibilities provided in R.S.48:1101.1."
As mentioned previously, the La. 1 Project is a project of the LTA, which is also under the authority of the DOTD secretary. La.R.S.36:509(K), La.R.S. 36:801, and La.R.S. 48:2074. Also, the DOTD is the statutory agent for the LTA with respect to toll revenue, as provided in La.R.S. 47:820.5.4.
It therefore appears that the DOTD secretary has the authority over both the CCCD and the LTA. Nevertheless, through La.R.S. 47:820.5.3, the Legislature created the Crescent City Connection Oversight Authority (CCOA). La.R.S. 47:820.5.3(B) provides that the purpose of the CCOA is to "establish priorities of projects from remaining funds after all operation and maintenance expenses of the bridges and ferries under the authority of the Crescent City Connection Division of the Department of Transportation and Development have been paid." In the opinion of the DOTD secretary, the renovation and expansion of the CCCD's administrative complex was necessary for the operation and maintenance of CCCD's bridges and ferries. As such, the Secretary believes and we agree that the renovation and expansion did not fall within the "surplus funds" auspices of the CCOA, but instead fell within the "ongoing operations" authority of the DOTD secretary.
We must next determine the manner in which toll revenue generated by the CCCD may be used. La.R.S. 47:820.5(B)(1) provides, in part, that:
 For Fiscal Year 1997-1998 through Fiscal Year 2011-2012 and for the first half of Fiscal Year 2012-2013, the money from the self-generated tolls shall be used for operation and maintenance of the bridges and ferries under the authority of the Crescent City Connection Division, and to complete the bridge projects as set forth in Paragraph (2) of this Subsection, and to maximize, for the projects set forth in paragraph (2), the state's ability to obtain federal matching funds for transportation purposes pursuant to the project by appropriation or grant from the United States Department of Transportation or its successor including but not limited to obtaining federal matching funds with the use of toll-generated monies, authorized by the Intermodal Surface Transportation Efficiency Act of 1991, Public Law 102-240, or its successor, and amendments thereto, upon appropriate authorization by the Louisiana Department of Transportation and Development and the Louisiana Legislature, in accordance with laws relative to such joint projects financed with state and federal funds, and any other appropriate funds that may be available. *Page 4 
Notwithstanding any other law to the contrary, no funds appropriated to the division for Fiscal Year 1998-1999 or thereafter shall be expended for engineering services performed after June 30, 1999, which are related to examinations and inspections, maintenance, or repair of, or construction of special projects related to, bridges and ferry facilities under the authority of the division, and their approaches and appurtenances, if such services are provided under a contract which has not been subject to competitive selection or bid in the manner provided by law for any contracts for engineering services.
Also applicable is La.R.S. 47:820.5(B)(5), which provides that:
 No toll revenue derived as authorized by this Subsection shall be used to fund any other projects in the state of Louisiana, particularly those contained in Title 47, Part IV, Section 820.1 through 820.5, the Transportation Infrastructure Model for Economic Development Account. Such toll revenues shall be used solely as provided in this Subsection and pursuant to the provisions of Act 402 of 1976 as amended, as to financing and construction of the bridge(s) project and laws related thereto and the provisions of the bond indentures issued under the authority of said Act in connection with said project, which provisions are hereby retained.
Thus, under La.R.S. 47:820.5(B)(1), toll revenue generated by the CCCD may only be used for the operation and maintenance of the bridges and ferries under the authority of the CCCD and to complete the bridge projects as set forth in La.R.S. 47:820.5(B)(2). La.R.S. 47:820.5(B)(5) further provides that no toll revenue generated by the CCCD shall be used to fund any other projects in the State of Louisiana. Accordingly, the renovation and expansion of the CCCD administrative complex, as necessary to the operation and maintenance of the CCCD's bridges and ferries, is an authorized project pursuant to La.R.S. 47:820.5(B)(1).
We now turn to the ultimate question as to whether office space created for future use of the CCCD may be utilized on an interim basis by the DOTD for its La. 1 Project. Based on the information provided and the statutory authority described hereinabove, the DOTD secretary has the discretion to house the three (3) DOTD employees who will work on the La. 1 Project toll system in the CCCD administrative complex and reimburse the CCCD in the manner described. Louisiana law allows for cooperation among public entities through cooperative endeavor agreements. See La.Const. Art. VII, Sec. 14, La.R.S. 33:1324. In such agreements, each participating agency must receive benefits commensurate with its expenditures and must be authorized to engage in the activities contemplated by the agreement. It is the opinion of this office that the use of CCCD toll revenue to fund the agreement to indefinitely house three (3) DOTD employees assigned to the La. 1 project in the office space not currently needed for CCCD operations, subject to the payment of fair market rental value to the CCCD, is *Page 5 
authorized by La.R.S. 47:820.5(B)(1), La.Const. Art. VII, Sec. 14, and La.R.S. 33:1324.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 By: __________________________
 BENJAMIN A. HUXEN II
 Assistant Attorney General
 JDC/BAHII:crt